IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-891-GMS |
| | ) |
| C/O BAKER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Richard C. Hunt ("Hunt"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court proceeds to review and screen the complaint.

**I. BACKGROUND**

Hunt filed this case in letter form. He alleges that he is being retaliated against by correctional officers and the dental department at the VCC. He has written letters to Warden Pierce, Capt. Rispoli, and his attorneys. Hunt alleges that he is being verbally threatened, as well as physically retaliated against, by the defendants C/O Baker ("Baker"), Sgt. Angelina DeAllie ("DeAllie"), Lt. G. Farrington ("Farrington"), and Brian Emig ("Emig"). Plaintiff alleges that he was made to suffer pain from loose teeth and infected gums. There is no prayer for relief.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Hunt proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on

2

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Hunt leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

The complaint is deficiently pled. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir.

3

1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). Here, the complaint alleges in a conclusory manner that the defendants have retaliated against Hunt. In addition, the complaint does not indicate when or where the alleged retaliation occurred and under what circumstances the retaliation occurred.

In addition, the complaint does not contain a prayer for relief that explains what relief plaintiff seeks from the court. Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3)." *See e.g., Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007) (unpublished). *See also Klein v. Pike Cnty. Comm'rs,* 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Hunt's failure to specify relief of any sort of relief weighs in favor of dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser,* 352 F. App'x 618, 619 (3d Cir. 2009) (unpublished) (affirming dismissal without prejudice where complaint failed to identify relief sought).

Therefore, the court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). However, since it appears plausible that Hunt may be able to articulate a claim against the defendants, or name alternative defendants, he will be given an opportunity to amend to cure the pleading defects.

## IV. CONCLUSION

For the above reasons, the complaint will be dismissed for failure to state a claim and as

frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). Hunt will be given leave to amend the complaint.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_Oct 24_, 2014
Wilmington, Delaware